```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BROTECH CORPORATION, ET AL.     :        CIVIL ACTION
                                :
          v.                    :
                                :
WHITE EAGLE INTERNATIONAL       :
TECHNOLOGIES GROUP, ET AL.      :        NO. 03-232
```

## O R D E R - M E M O R A N D U M

**Padova, J.**

    **AND NOW**, this 9th day of June, 2005, upon consideration of Plaintiffs' "Objections to Order of United States Magistrate Judge" (Docket No. 110) and Defendants' "Motion to File a Response" (Docket No. 111), **IT IS HEREBY ORDERED** as follows:

    1.  Defendants' Motion to File a Response (Docket No. 111) is **GRANTED. IT IS FURTHER ORDERED** that the Clerk shall enter the Response Brief attached to said Motion on the Docket.

    2.  Plaintiffs' Objections to the Order of United States Magistrate Judge Thomas J. Rueter (Docket No. 110) are **OVERRULED**.

    Plaintiffs object to the May 24, 2005 Memorandum and Order of Magistrate Judge Thomas J. Rueter, denying Plaintiffs' "Motion for the Imposition of Sanctions Upon Defendants for Their Failure to Produce the Required Laboratory Notebooks of Russian Scientists Despite the Order of this Court." (Docket No. 93.) In their Motion for Sanctions, Plaintiffs sought to preclude Defendants from introducing the oral testimony, documents or other evidence of four

Russian scientists to defend or rebut Plaintiffs' claims in this lawsuit as a sanction for Defendants' failure to comply with this Court's order dated September 13, 2004.

The September 13, 2004 Order required Defendants to produce to Plaintiffs each and every laboratory notebook, or portion thereof, created by four Russian scientists, Dr. Vadim Davankov, Dr. Dzidra Tur, Dr. Maria Tsyurupa, and Dr. Ludmila Pavlova, related to (1) "the field of polymer chemistry," as set forth in the Consulting Agreement of November 13, 1997 between Defendants and Dr. Vadim Davankov and (2) "the field of hyper-crosslinked polymeric networks and ion exchange resins" and "polymeric absorbents ion-exchange resins and catalysts, and styrene co-polymer beads, for absorbent column packing." (September 13, 2004 Order at 2.) In response to this Order, Defendants obtained from Dr. Vadim Davankov, and produced to Plaintiffs, portions of the laboratory notebooks of Dr. Ludmila Pavlova, who worked with Dr. Davankov in connection with his Consulting Agreement with Defendants, beginning in 1994.

Plaintiffs argue that Defendants' conduct is sanctionable because Defendants produced laboratory notebooks from only one of the Russian scientists, and produced only portions of those notebooks. (Pls.' Mem. of Law in Support of Mot. for Sanctions at 16-23.) They also argue that Defendants should be sanctioned because they did not themselves review the laboratory notebooks in their entirety, but allowed Dr. Davankov to determine which

2

portions of those notebooks were relevant and should be produced. (Id.)

In denying Plaintiffs' Motion for Sanctions, the Magistrate Judge relied, in large part, on the Declaration of Dr. Davankov. In his Declaration, Dr. Davankov explained why he produced only the laboratory notebooks of Dr. Pavlova. Dr. Davankov stated that he does not, himself, keep any laboratory notebooks. (Davankov Decl. ¶ 7.) The laboratory notebooks kept by his co-workers belong to the A.N. Nesmeyanov Institute of Element-Organic Compounds ("INEOS"), which employs Dr. Davankov and his co-workers. (Id. ¶ 8.) Although these laboratory notebooks, which are kept in Russian, contain scientific work performed in connection with the parties to the instant litigation, they also contain scientific work belonging to INEOS which has nothing to do with work performed by these scientists for either Plaintiffs or Defendants. (Id.) Dr. Davankov asked Dr. Pavlova and Dr. Tsyurupa to review their laboratory notebooks and give him the pages which relate to work done in connection with Defendants. (Id. ¶ 9.) Dr. Tsyurupa did not have any relevant laboratory notebooks. (Id. ¶ 11.) Dr. Pavlova provided pages from her laboratory notebooks to Dr. Davankov in response to his request. (Id.) Dr. Davankov did not ask Dr. Tur for her notebooks because her work with respect to Defendants was limited to the provision of a sample of polyphosphazene. (Id. ¶ 10.) Dr. Davankov gave Defendants all of

the laboratory notebooks provided to him by Dr. Pavlova.  (Id. ¶ 15.)  Dr. Davankov stated in his Declaration that he did not provide other laboratory notebooks to Defendants because they belong to INEOS and contain scientific information which has no connection to either Plaintiffs or Defendants.  (Id. ¶ 14.)  Although Dr. Davankov believes that Dr. Pavlova's laboratory notebooks belong to INEOS, and that it was not proper from him to provide the property of INEOS to counsel in this litigation, he hand carried three of Dr. Pavlova's notebooks from Moscow to Paris during a business trip and sent them to Defendants' counsel from Paris.  (Id. ¶ 17.)  The Magistrate Judge denied Plaintiffs' Motion for Sanctions and found that Dr. Davankov had produced all of the responsive laboratory notebooks that he was able to produce, even though they did not belong to him, and that neither Defendants nor Dr. Davankov have the legal right to obtain any additional documents from INEOS.

Objections to a Magistrate Judge's order on a nondispositive matter, such as a discovery motion, are governed by Federal Rule of Civil Procedure 72(a).  See Fed. R. Civ. P. 72(a); Saudi v. Acomarit Maritimes Servs., S.A.D., No. Civ. A. 01-4301, 2002 WL 1373077, at * 1 (E.D. Pa. June 24, 2002).  "The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P.

72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); see also Haines v. Liggett Group, 975 F.2d 81, 92 (3d Cir. 1992) (construing the clearly erroneous standard to mean that "the appellate court must accept the factual determination of the fact finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data") (internal quotation omitted).

Plaintiffs object to the Order of the Magistrate Judge on two grounds.  They object to Judge Rueter's determination that neither Defendants nor Dr. Davankov have the obligation, duty or ability to produce additional laboratory notebooks on the grounds that Dr. Davankov's Consulting Agreement with Defendants requires him to keep written notebook records of his work, and this obligation includes other scientists working with Dr. Davankov at INEOS.  The Court finds that, although Plaintiffs have submitted evidence that Dr. Davankov and his co-workers should have kept laboratory notebooks, they have not submitted evidence that additional laboratory notebooks containing information responsive to the September 13, 2004 Order actually exist and are within the possession, custody or control of Defendants.

Plaintiffs also object to Judge Rueter's determination that there are no other relevant laboratory notebooks because this determination is based upon the representations of Dr. Davankov. Plaintiffs contend that Dr. Davankov has a motive to withhold relevant documents because he is the owner of 225,000 units of RenalTech which are valued at $1.3 million, but which will have no value if Plaintiffs prevail in this action. The Magistrate Judge was aware of Dr. Davankov's ownership of units of RenalTech at the time he decided the Motion for Sanctions. (Pls.' Mem. of Law in Support of Mot. for Sanctions at 22 n.9.) This Court may not disregard a credibility determination made by the Magistrate Judge unless that determination is "completely devoid of minimum evidentiary support." Haines, 975 F.2d at 92. Dr. Davankov's ownership of units of RenalTech is not sufficient, in itself, for the Court to find that the Magistrate Judge's reliance on his Declaration was clearly erroneous. The Court finds that Plaintiffs have not established that Magistrate Judge Rueter's findings of fact are clearly erroneous or that there are additional laboratory notebooks, responsive to the September 13, 2004 Order, which have not been produced. Plaintiffs' objections to the Magistrate Judge's Order dated May 24, 2005 are, therefore, overruled.

BY THE COURT:

/s/ John R. Padova
John R. Padova, J.